
		OSCN Found Document:Question Submitted by: The Honorable Julie Daniels, Oklahoma Senate, District 29

					

				
  



				
					
					
						
						Previous Case

						
						Top Of Index

						
						This Point in Index

						
						Citationize

						
						Next Case

						
						Print Only
					
					
				

				
				Question Submitted by: The Honorable Julie Daniels, Oklahoma Senate, District 292025 OK AG 13Decided: 08/29/2025OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 13, __  __

				

¶0 This office has received your request for an Attorney General Opinion in which you ask the following questions:

1. Is a performance by an individual dressed in drag included in the definitions of "obscene material" in title 21, section 1024.1?

2. Is a performance by an individual dressed in drag included in the definitions of "adult performance" in title 21, section 1024.6(A)(1) (Supp.2025)?

3. Does a performance by an individual dressed in drag, in view of a minor in a public place, violate the provisions of title 21, section 1024.6(B)(1) (Supp.2025)?

4. Is a performance by an individual dressed in drag protected speech under the First Amendment? If so, under what circumstances can said speech be regulated by the state or other political subdivisions?

I.

Summary

¶1 The answer to all four questions depends upon whether the drag performance contains "obscene material" as defined by title 21, section 1024.1(B)(1). Miller v. California, 413 U.S. 15, 36 (1973). As a result, a drag performance violates Oklahoma law only if it contains "obscene material."

¶2 Whether a performance contains obscene material requires an analysis of the specific nature of the performance, its content, and its purpose, as well as consideration of the performance in light of relevant community standards. See 21 O.S. § 1024.6Miller, 413 U.S. at 24. It is likely that some drag performances, when analyzed under this framework, contain obscene material. But whether a specific drag performance contains obscene material involves fact questions that are outside the scope of an Attorney General Opinion. See e.g., 2024 OK AG 2074 O.S.2021, § 18b

II.

Background

Since its territorial days, Oklahoma has criminalized distribution of obscene material. Under the State's original obscenity statute, a person who "[w]rites or composes, stereotypes, prints, publishes, sells, distributes, or keeps for sale, or exhibits any obscene or indecent writing, paper or book... [i]s guilty of a misdemeanor." Okla. Rev. Laws § 2463 (1910). Currently, a person who "[w]rites, composes, stereotypes, prints, photographs, designs, copies, draws, engraves, paints, molds, cuts, or otherwise prepares, publishes, sells, distributes, keeps for sale, knowingly downloads on a computer, or exhibits any obscene material or child sexual abuse material" is guilty of a felony in Oklahoma. 21 O.S.Supp.2024, § 102121 O.S.Supp.2025, § 1024

Over the years, obscenity laws like Oklahoma's have been challenged across the country. In 1957, the Supreme Court ruled that obscenity is not protected by the First Amendment and established a test to determine whether material is obscene: "Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest." Roth v. U.S., 354 U.S. 476, 489 (1957). In 1973, the Supreme Court decided Miller v. California, reaffirming its holding in Roth and adopted the test for determining obscenity that is still in use today. Under the Miller test, a work is obscene if: (1) "the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest," (2) "the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law," and (3) "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." Miller, 413 U.S. at 24.

Oklahoma's definition of obscene material found in section 1024.1(B)(1) mirrors the Miller test. Accordingly, this opinion addresses the Miller test as adopted in section 1024.1(B)(1).

III.

Discussion

A. The Answer to All Four Questions Depends Upon Whether the Drag Performance Contains Obscene Material.

The first question asks whether a performance by an individual dressed in drag is included in the definition of "obscene material" in section 1024.1(B)(1). Thus, its answer depends upon whether the drag performance contains obscene material.

The second question concerns the definition of "adult performance" in section 1024.6(A)(1). An "adult performance" is defined as "any performance that contains obscene material, if done in view of a minor or in a public place." (emphasis added). Therefore, it also depends upon whether the drag performance contains obscene material.

¶3 The third question concerns whether a performance by an individual dressed in drag violates section 1024.6(B)(1). And a violation of this subsection requires the performance "contain[ ] obscene material." Id. Therefore, it likewise depends on whether the drag performance contains obscene material.

§4 The final question concerns whether a drag performance is protected speech under the First Amendment. Performances that contain obscene material as outlined in the Miller test are not protected by the First Amendment. Miller, 413 U.S. at 36. Therefore, resolution of the final question also depends on whether a drag performance contains obscene material. 

B. Some Drag Performances Likely Contain Obscene Material, but Whether Any Specific Drag Performance Contains Obscene Material Involves Fact Questions That Are Outside the Scope of an Attorney General Opinion.

¶5 The letter accompanying this opinion request does not contain a definition of a performance by an individual dressed in drag. In this context, the Merriam-Webster Dictionary defines drag as "entertainment in which performers caricature or challenge gender stereotypes (as by dressing in clothing that is stereotypical of another gender, by using exaggeratedly gendered mannerisms, or by combining elements of stereotypically male and female dress) and often wear elaborate or outrageous costumes." obscene material done in front of minors or in a public place." 21 O.S.Supp.2025, § 1024

¶6 Under Oklahoma law, "obscene material"sexual conduct that meets three criteria: (a) it is patently offensive as judged by the average person applying contemporary community standards; (b) it appeals to prurient interest in sex as its dominant theme; and (c) it lacks serious literary, artistic, educational, political, or scientific value when taken as a whole. 21 O.S.Supp.2024, § 1024.1(B)(1).

¶7 Importantly, the definition of "obscene material" as established by the Miller test and adopted in Oklahoma first requires the performance to contain "sexual conduct." 21 O.S.Supp.2024, § 1024.1(B)(1); and Miller, 413 U.S. at 24 (requiring "sexual conduct [to be] specifically defined by the applicable state law"). Oklahoma's statutory definition of "sexual conduct" comprises the following acts: sexual intercourse, oral or anal sodomy, masturbation, sadomasochistic abuse, excretion in a sexual context, and exhibiting genitals or pubic areas. 21 O.S.Supp.2024, § 1024.1(B)(3).  If it contains such an act, then a drag performance must be reviewed to determine whether it predominantly appeals to a prurient interest

¶8 It is likely that some drag performances contain sexual conduct and meet the other elements of the Miller test as adopted in section 1024.1(B)(1). See e.g., 2024 OK AG 2074 O.S.2021, § 18b

§9 It is, therefore, the official Opinion of the Attorney General that:

A drag performance done in view of minors or in a public place violates title 21, section 1024.6 (Supp.2025) of the Oklahoma Statutes and is not protected by the First Amendment if it contains obscene material as defined by title 21, section 1024.1(B)(1). A drag performance contains obscene material if it contains an enumerated act of sexual conduct defined in title 21, section 1024.1(B)(3) and meets the other elements of the Miller test as adopted by Oklahoma in section 1024.1(B)(1). But whether any specific drag performance contains obscene material is outside the scope of an Attorney General Opinion.

Gentner Drummond
Attorney General of Oklahoma

Garry M. Gaskins, II
Solicitor General

FOOTNOTES



See Spectrum WT v. Wendler, 693 F. Supp. 3d 689, 703 (N.D. Tex. 2023) ("at this point in Free Speech jurisprudence, it is not clearly established that all 'drag shows' are categorically 'expressive conduct.'"). But this opinion is no longer good law because a divided Fifth Circuit panel recently reversed it finding the proposed drag show "communicated a message" of "support for the LGBT+ community," which was "enough to implicate the First Amendment." Spectrum WT v. Wendler, 23-10994, 2025 WL 2388306, at *7 (5th Cir. Aug. 18, 2025). Existing Oklahoma law, however, punishes all types of adult performances in front of minors or in a public place that contain obscene material, regardless of whether drag is involved. 21 O.S.Supp.2025, § 1024



see supra footnote 1.

see supra footnote 1.



Miller test has caused other states and cities to run afoul of the First Amendment as it relates to drag performances. For example, Texas's ban on "sexually oriented performances" violated the First Amendment because, among other things, Texas law failed to include all the criteria identified in the Miller test for obscenity. Woodlands Pride, Inc. v. Paxton, 694 F. Supp. 3d 820, 845 (S.D. Tex. 2023). Similarly, a Utah city's refusal to issue a permit for a drag show in a public park violated the First Amendment because there was "no evidence that the Allies Drag Show was anticipated to be anywhere close to satisfying even one prong of the Miller standard establishing whether a work is legally obscene." S. Utah Drag Stars v. City of St. George, 677 F. Supp. 3d 1252, 1287 (D. Utah 2023). On the other hand, Tennessee's Adult Entertainment Act that "(1) incorporate[d] the Supreme Court's three-part obscenity test from Miller v. California and (2) modifie[d] it to apply to minors" was found to be consistent with the First Amendment. Friends of George's, Inc. v. Mulroy, 108 F.4th 431, 436 (6th Cir. 2024), cert. denied, Friends of George's, Inc. v. Mulroy, 145 S. Ct. 1178, 221 L. Ed. 2d 255 (2025). Oklahoma's new statute, title 21, section 1024.6 (Supp.2025), simply incorporates Oklahoma's prior definition of obscene material that adopts the Miller test. Therefore, Oklahoma's obscenity laws, including section 1024.6, are consistent with the Miller test and the First Amendment.







	
		
			
				
					
			
				
				
								
					The Oklahoma Supreme Court
					2100 N. Lincoln Blvd., Suite 1
					Oklahoma City, OK 73105
					
										
				
				
			
		
	
	